**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al,[1]<br><br>                  Debtors. | Chapter 7<br><br>Case No. 19-11842-LSS<br><br>(Jointly Administered) |
| DAVID W. CARICKHOFF, TRUSTEE,<br><br>                  Plaintiff,<br><br>vs.<br><br>MAGID HANDBAGS LTD,<br><br>                  Defendant. | Adv. Proc. No. 21-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.
§§ 547 & 550 AND OBJECTION TO SCHEDULED CLAIMS**

Plaintiff, David W. Carickhoff in his capacity as chapter 7 trustee (the "**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases of AS Wind Down LLC (f/k/a/ Avenue Stores, LLC), *et al.* pending under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, as and for his *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550 and Objection to Scheduled Claims* (the "**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

**THE PARTIES**

1. On August 16, 2019, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered for administrative purposes only.

2. Each of the Debtors' cases was converted to chapter 7 on November 22, 2019 (the "**Conversion Date**"), and Plaintiff David W. Carickhoff (the "**Trustee**") was appointed as trustee on the same date. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3. Defendant is a limited partnership formed under the laws of the State of New York with its principal office address at 330 5th Avenue, Suite 600, New York, New York.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8.      This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.  The Plaintiff also objects to the following claims scheduled by the Debtors in these cases: Claim numbers 3699732 and 3699733 (the "**Claims**").

## FACTS

9.      Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

10.     During the ninety (90) days prior to the Petition Date, one or more of the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "**Transfers**").  All of the Transfers were made by Debtor Avenue Stores, LLC and from controlled disbursement account #8686.  Exhibit A sets forth the details of each of the Transfers, including check or payment number, payment date, clear date, payment amount, invoice number, invoice date and invoice amount.  The aggregate amount of the Transfers is not less than $60,123.29.

11. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). Plaintiff sent an advance demand letter to Defendant inviting an exchange of information regarding any potential defenses, but no agreement could be reached.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

12. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

13. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $60,123.29, as more specifically described in Exhibit A.

14. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

20. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

21. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property -- 11 U.S.C. § 550)**

22. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

23. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

24. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF
**(Objection to Scheduled Claims-- Disallowance Under 11 U.S.C. § 502(d))**

25.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26.     The Claims assert a right to payment allegedly owed by one or more of the Debtors.

27.     As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

28.     Accordingly, pursuant to Bankruptcy Code section 502(d), the Claims must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b.     Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest;

c.     Pursuant to the Third Claim for Relief, for disallowance of the Claims in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transactions; and

        d.      For such other and further relief as the Court may deem just and proper.

Dated: May 13, 2021          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
           acaine@pszjlaw.com
           pkeane@pszjlaw.com

*Special Counsel to Plaintiff, David W. Carickhoff, Chapter 7 Trustee for the Estates of AS Wind Down LLC, et al.*